

| | |
|---|---|
| **Washington, D.C. Offices:** | **New York Offices:** |
| 1901 Pennsylvania Avenue NW | 640 Eastern Parkway |
| Suite 201 | Suite 4C |
| Washington, D.C. 20006 | Brooklyn, New York 11213 |
| | |
| **Michigan Offices:** | **California Offices:** |
| P.O. Box 131098 | 21731 Ventura Boulevard |
| Ann Arbor, Michigan 48113 | Suite 180 |
| | Woodland Hills, California 91364 |
| | |
| **Arizona Offices:** | |
| 123 W. Chandler Heights Road, #11277 | |
| Chandler, Arizona 85248-11277 | |
| | |
| Main Tel: (855) 835-AFLC (2352) | Writer's Direct Tel: (734) 635-3756 |
| FAX: (801) 760-3901 | |
| Email: rmuise@americanfreedomlawcenter.org | |

**David Yerushalmi, Esq.:** Licensed in Washington, D.C., New York, California & Arizona
**Robert J. Muise, Esq.:**     Licensed in Michigan

October 10, 2013

*VIA ECF*

Clerk of the Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103-1526

      Re:    *Dariano v. Morgan Hill Unified School District*
               **U.S. Court of Appeals No. 11-17858**

Dear Clerk:

This letter is Appellants' response to the Fed. R. App. P. 28(j) letter filed by Appellees in this matter on October 7, 2013. (DktEntry: 32).

Despite the Fourth Circuit's claim in *Hardwick v. Heyward*, 711 F.3d 426, 437 (4th Cir. 2013), a case in which the court was addressing a ban on Confederate flag shirts, that it was "merely a student-speech case" governed by *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503 (1969), it is impossible to reconcile this and other Confederate flag shirt cases (*see* Appellants' Br. at 2, 37) with the holding in *Tinker*, except to treat them as an exception in light of our Nation's history of racial strife and the fact that the Confederate flag is often viewed as a symbol of racism. Consequently, any comparison between a Confederate flag shirt case and *this* American flag shirt case is improper. Indeed, what the Court said in *Tinker* about the speech at issue (the wearing of black armbands to protest the Vietnam War) is controlling here:

- 2 -

>  These petitioners merely went about their ordained rounds in school. Their deviation consisted only in wearing on their sleeve a band of black cloth, not more than two inches wide. They wore it to exhibit their disapproval of the Vietnam hostilities and their advocacy of a truce, to make their views known, and, by their example, to influence others to adopt them. *They neither interrupted school activities nor sought to intrude in the school affairs or the lives of others. They caused discussion outside of the classrooms, but no interference with work and no disorder.* In the circumstances, *our Constitution does not permit officials of the State to deny their form of expression*.

*Tinker*, 393 U.S. at 514 (emphasis added). Here, Appellants "neither interrupted school activities nor sought to intrude in the school affairs or the lives of others," and their peaceful and passive form of expression (wearing an American flag shirt) caused "no interference with work and no disorder." As a result, "our Constitution does not permit officials of the State to deny their form of expression."

        Sincerely,

        AMERICAN FREEDOM LAW CENTER

        /s/ Robert J. Muise
        Robert J. Muise, Esq.
        *Counsel for Plaintiffs-Appellants*

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2013, I electronically filed the foregoing letter with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. I also certify that all participants in this case are registered CM/ECF users.

                AMERICAN FREEDOM LAW CENTER

                /s/ Robert J. Muise
                Robert J. Muise, Esq.